No. 731

FARMER, etc. v. RICHMOND et.,

Commissioners.

Ohio Appeals, 9th Dist., Lorain Co.

No. 389.    Decided Nov. 2, 1926.

First Publication of this Opinion.

**396. DIRECTED VERDICTS.—When motion for directed verdict is made by defendant, all facts, which evidence in any degree tends to prove, are admitted as fully established for purposes of motion.**

**1053. ROADS AND HIGHWAYS.—Where statute provides that county commissioners shall "protect by suitable guard rails, all perpendicular wash banks," banks substantially perpendicular and not at an angle of 90 degrees come within its terms.**

Error to Common Pleas.

Judgment reversed.

F. M. Stevens and C. J. Maple, Elyria, for Farmer, etc.

Baird & Vandemark, Elyria, for Richmond et.

PARDEE, PJ.

Adelaide Farmer, a minor, instituted an action, in the Lorain Common Pleas, against the County Commissioners to recover damages for injuries sustained by her when she fell over a wash bank on a county road. It was alleged by the plaintiff that defendants were negligent by reason of failure to erect guard rails along the bank, which bank is adjacent to Kolbe Road, the highway upon which the plaintiff was traveling at the time she was injured. It was further claimed that the wash bank was more than eight feet in height and was perpendicular. Plaintiff's petition was met with a denial of liability by defendants.

It appears that the cause of action was based upon the violation of Sections 7563 GC. and 7565 GC., which provide in part that county commissioners shall protect, by suitable guard rails, all perpendicular wash banks more than eight feet in height where such banks are connected with or adjacent to a public highway; and that failure to comply with the provisions of the preceding sections, render the county liable for damages as a result thereof.

The trial court, upon motion, directed a verdict in favor of the Commissioners, the defendants claiming that Farmer's evidence failed to prove that Kolbe Road is a county road, that the bank was a wash bank or that it was perpendicular, and that the defendants owed any legal duty to the plaintiff under the evidence.

By virtue of 7464 GC., it became the duty of the county to maintain its roads.

Defendants admitted, for the purpose of their motion to direct, all of the facts, which the evidence in any degree tended to prove, and presented only a question of law, whether each fact indispensable to the right of action and put in issue by the pleadings, had been supported by some evidence. If it had been, the motion should have been denied, as no finding of facts by the court or weighing of evidence is permitted.

The court committed error in excluding testimony of plaintiff's witnesses to the effect that the county made improvements upon said road in the vicinity of the accident, north of the village of Amherst; as this testimony would have been substantial evidence that the portion of the road in question came within the definition of a county road as set forth in 7464 GC.

Some evidence offered did show that, adjacent to the place of the accident, water did wash across Kolbe Road and that by reason thereof the surface of said road was made unsafe for traveling; and, there being some evidence to establish this fact, defendants, by their motion, admitted that this was fully established.

Although the bank is not one at an angle of 90 degrees, it is substantially perpendicular. The general assembly, no doubt, had in mind that if a bank was substantially perpendicular, it would come within the terms of the statute.

Defendants were required to anticipate that an accident might happen to one using the road for a lawful purpose if the statute were not complied with.

(Funk, J., concurs; Washburn, J., disents.)